1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA CONCEPCION ESCOBAR,      )   No. C 06-5199 JSW (PR)
                               )
            Petitioner,        )
                               )
        vs.                    )   **ORDER OF DISMISSAL**
                               )
WARDEN SCHELIA A. CLARK,       )
                               )   (Docket No. 4)
            Respondent.        )
_____)

Petitioner, a federal prisoner incarcerated at F. C. I. Dublin in Dublin, California, has filed a petition for a writ of habeas, which she identifies as arising under 28 U.S.C. § 2241. She has also filed a motion to proceed in forma pauperis, which is DENIED as moot, as Petitioner subsequently paid the filing fee (docket no. 4).   The claims in the petition challenge her federal conviction from the United States District Court for the Western District of Texas, rather than to the execution of her sentence. *See* Petition; Attachment A in support of Petition.

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id.*  Jurisdiction is proper for a petition under § 2255 in the United States District Court for the Western District of Texas.  However, Petitioner is

confined in this district, so venue exists in this district for a petition properly brought under § 2241.

With the exception noted below, a prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). She may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); *Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion).

The exception to this general bar is that a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if she can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). The Ninth Circuit has recognized that the "inadequate or ineffective" exception in is very narrow. *Pirro*, 104 F.3d at 299. For example, the remedy under section 2255 is not considered inadequate or ineffective even when a successive section 2255 motion could not be entertained by the sentencing court. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas relief under § 2255 an inadequate or effective remedy).

Petitioner has attached to the instant petition an order of the United States Court

of Appeals for the Fifth Circuit denying her motion seeking leave to file a successive §

2255 motion in the district court under 28 U.S.C. § 2244(b), which cannot be filed absent

permission from that Court.  *See* 28 U.S.C. § 2244(b)(3)(A).  Notwithstanding the denial

of her motion by the Court of Appeals, she has not demonstrated that federal habeas

relief under § 2255 is an ineffective or inadequate remedy.  *See Lorentsen*, 223 F.3d at

953.  Because a § 2241 remedy is not available under the savings clause of section 2255,

this petition must be treated as filed under § 2255, and this court lacks jurisdiction over

it.  *See* 28 U.S.C. § 2255 (§ 2255 motions to be brought in sentencing court); *Hernandez*,

204 F.3d at 865.

Given that jurisdiction is lacking here, this Court must consider whether a transfer

to the United States District Court for the Western District of Texas is appropriate.

Petitioner has attached an order of the United States Court of Appeals for the Fifth

Circuit denying leave to file a petition in the district court.  *See* 28 U.S.C. § 2255 (second

or successive § 2255 motion must be certified by panel of court of appeals as provided in

§ 2244).  If Petitioner wishes to pursue claims attacking her conviction she will have to

obtain permission from the Fifth Circuit in order to file another section 2255 motion in

the Western District of Texas.  A transfer of this petition to the United States District

Court for the Western District of Texas without such permission would be futile.  As

such, the instant petition is DISMISSED without prejudice for lack of jurisdiction.  The

Clerk of the Court shall close the file and enter judgment in accordance with this order

IT IS SO ORDERED.

DATED:  April 12, 2007

JEFFREY S. WHITE
United States District Judge